UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALAL WASEEM, personally and through
His co-Guardians and co-Conservators,
WASEEM AHMED and MISBAH IMTIAZ,

    Plaintiff,

vs.

WASHTENAW COUNTY, WASHTENAW
COUNTY SHERIFF'S OFFICE, and
OFFICER TRENT ANTHONY SIMMS, in
his individual and official capacities,

    Defendants.

Case No.   24-12419

Hon.

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Samuel R. Simkins (P81210)
Attorneys for Plaintiff
888 W. Big Beaver, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
sam@akeelvalentine.com

## COMPLAINT

**NOW COMES** Plaintiff, TALAL WASEEM, by and through, WASEEM AHMED and MISBAH IMTIAZ, as co-Guardians and co-Conservators, and his undersigned counsel, AKEEL & VALENTINE, PLC, and for his Complaint against

1

Defendants, WASHTENAW COUNTY, WASHTENAW COUNTY SHERIFF'S OFFICE, and OFFICER TRENT ANTHONY SIMMS, states as follows:

## JURISDICTION AND PARTIES

1. This is a civil action for declaratory, injunctive, equitable, and monetary relief for the severe harm to Plaintiff as a result of the deliberate acts, conduct, and omissions of Defendants Washtenaw County, the Washtenaw County Sheriff's Office, and Officer Trent Anthony Simms. As described further below, Defendants caused or greatly increased the risk of harm to Plaintiff through its own affirmative acts. Defendant Simms knew, or should have known, Plaintiff's motorcycle driving in his direction, blatantly ignored Michigan laws requiring him to yield to oncoming traffic, and pulled onto the road, causing a major collision that has left Plaintiff fighting for his life.

2. Plaintiff, Talal Waseem, is currently in a coma, using mechanical ventilation, and has been incapacitated since the date of the accident. Talal is a resident of the City of Ann Arbor, County of Washtenaw, State of Michigan.

3. Plaintiff, Waseem Ahmed, is a resident of the City of Ann Arbor, County of Washtenaw, State of Michigan. Waseem is the father of Talal.

4. Plaintiff, Misbah Imtiaz, is a resident of the City of Ann Arbor, County of Washtenaw, State of Michigan. Misbah is the mother of Talal.

5. Plaintiffs, Waseem Ahmed and Misbah Imtiaz, have been appointed co-Guardians and co-Conservators by the Washtenaw County Probate Court.

6. Defendant, County of Washtenaw (herein referred to as the "County"), is a political subdivision of the State of Michigan duly organized to carry out governmental functions under the laws of Michigan.

7. Defendant, Washtenaw County Sheriff's Office (herein referred to as "WCSO"), is a law enforcement agency for the County of Washtenaw, Michigan.

8. Defendant, Trent Anthony Simms, is a Deputy Sheriff employed by the WCSO and upon information and belief resides in Washtenaw County. Defendant Simms is being sued in both his official and individual capacities.

9. This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

10. This Court has personal jurisdiction over the named Defendants because they either reside in the State of Michigan and/or do systematic and continuous business in Michigan.

11. Venue is proper in this Honorable Court as the Defendants conducts business within the Eastern District of Michigan and is subject to personal jurisdiction within the Eastern District of Michigan, and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan under 28 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

12. On August 1, 2024, Washtenaw County Deputy Sheriff, Officer Trent Anthony Simms, was on duty and in his patrol vehicle just before 10 p.m. EDT.

13. Officer Simms was accompanied by Washtenaw County Deputy Sheriff, Officer Kevin Ramone Purify, who was sitting in the passenger seat.

14. At around 9:55 p.m., Officers Simms and Purify were leaving the parking lot adjacent to the Taco Bell on Ellsworth Road in Ypsilanti, Michigan (referred to herein as "Taco Bell").

15. Taco Bell had a security camera that was recording this evening.

16. At around 9:55:54 p.m., Officers Simms and Purify appear on the Taco Bell security camera footage driving south from the parking lot adjacent to Taco Bell towards the Ellsworth Road entrance.

17. At around 9:55:58 p.m., Officers Simms' patrol vehicle came to a complete stop at the entrance to Ellsworth Road from the parking lot adjacent to Taco Bell.

18. By law, Officers Simms does not have the right-of-way in relation to the vehicles traveling east and westbound on Ellsworth Road.

19. Officers Simms must yield to traffic before accelerating onto Ellsworth Road.

4

20. From around 9:55:58 p.m. to 9:56:19 p.m., or around 21 seconds, Officers Simms' patrol vehicle is stationary.

21. Around this time, Officer Simms started driving onto Ellsworth Road, without ensuring that there was no oncoming traffic, as required by law.

22. In fact, as he was entering Ellsworth Road, Officer Simms saw oncoming traffic that he failed to yield to, including a motorcycle driving towards he and Officer Purify.

23. Officer Purify even heard Officer Simms discuss the motorcycle approaching the patrol car near the entrance to the parking lot adjacent to Taco Bell.

24. Subsequently, Officer Simms removes his foot from the brake pedal and accelerates onto Ellsworth Road without yielding to oncoming traffic, as required by law.

25. At that moment, 20-year-old Talal Waseem was on his motorcycle traveling eastbound on Ellsworth Road.

26. By law, Talal had the right-of-way, and there was no light or sign in his path to prevent Talal from continuing on Ellsworth Road as he approached the Taco Bell where a Washtenaw County Sheriff patrol vehicle was accelerating out of a parking lot right in front of him.

27. By law, Officer Simms was required to yield to oncoming traffic at the time that he accelerated onto Ellsworth Road.

28. Violating traffic ordinances, Officer Simms pulled out of the parking lot quickly and caused the crash with Plaintiff.

29. At the time of the crash, the roadway was dry and in good condition.

30. No inclement weather conditions were occurring at the time of the crash.

31. Although it was night, the roadway was lit by traffic lights at the time of the crash, and Plaintiff Talal had his motorcycle's headlights on.

32. No traffic issues, construction, or other object was present at the time of the crash to obstruct Officer Simms from seeing Talal driving towards them.

33. It is undisputed that Officer Simms could see Talal driving in their direction.

34. Officer Simms has no excuse for his deliberate act of pulling onto Ellsworth Road without yielding to oncoming traffic.

35. Due exclusively to the fact that Officer Simms accelerated right in front of the motorcycle Talal was operating, Talal crashed into Defendants' patrol vehicle which had no right being where it was.

36. Indeed, while Officer Simms had his brakes applied and patrol vehicle stationary, any threat or danger to Talal was nonexistent, or had been abated.

37. By taking the deliberate act of removing application of the brakes and accelerating onto Ellsworth Road, Officer Simms created a special danger for Talal that was previously nonexistent or had been abated.

38. Talal struck the side of Defendants' patrol vehicle that had improperly pulled onto Ellsworth Road allegedly to make a left turn onto it.

39. Plaintiff, Talal, suffered several serious injuries immediately as a result of Officer Simms deliberate acts of releasing the brake pedal that stopped their patrol vehicle from crossing a road into oncoming traffic and pulling onto Ellsworth Road improperly in Talal's right of way.

40. As a result of the crash, Talal required emergency CPR.

41. While administering emergency CPR, officers reported agonal breathing.

42. Officers discontinued CPR upon arrival of the emergency medical responders.

43. The ambulance then took over medical care and transported Talal for medical treatment.

44. Talal was unresponsive and incapacitated at the time he arrived at the hospital.

45. Talal was, and still is, in a coma and required mechanical breathing.

46. Talal also suffered several serious injuries, including, but not limited to, a traumatic brain injury, spinal injuries, among others.

47. As a result of Officer Simms' deliberate acts, Talal was taken into an emergency surgery due to his severe subdural hemorrhage requiring a left craniectomy.

48. Plaintiff, Talal, has since undergone several other surgeries and remains under medical care.

49. Because of Talal's precarious health condition – which occurred only as a result of Officer Simms' deliberate acts and/or reckless acts – Talal needed to have his parents serve as guardians and conservators for him.

50. On September 6 and 11, 2024, respectively, the Washtenaw County Probate Court issued temporary orders appointing Talal's parents, Waseem Ahmed and Misbah Imtiaz, respectively, as co-Guardians and co-Conservators.

51. Plaintiff suffered serious and permanent injuries including, but not limited to, severe pain and suffering, injury to his spine, traumatic brain injuries, as well as the other injuries listed above, and other painful and debilitating injuries throughout his body that all constitute serious impairments of important body functions that have affected his ability to lead his everyday normal life.

52. Plaintiff suffered possible aggravation of pre-existing conditions which were and are painful, permanent and disabling, and a serious impairment of important body functions.

53. Plaintiff has been forced to undergo medical treatment and will continue to undergo medical treatment in the future.

54. Plaintiff has suffered, and may continue to suffer, wage loss and other economic losses above and beyond those payable under the Michigan No-Fault Statute.

55. Plaintiff has suffered the above described physical pain and suffering as well as mental anguish, fright and shock, denial of social pleasure and enjoyment and embarrassment, humiliation and mortification, all of which are serious, permanent and disabling.

56. No reasonable law enforcement officer would improperly enter or block a roadway or right-of-ways for oncoming traffic on a public roadway.

57. Upon information and belief, failing to yield to oncoming traffic on a public roadway is contrary to currently accepted law enforcement standards.

58. By improperly entering or blocking the roadway or right-of-ways for oncoming traffic on a public roadway, Defendant Simms engaged in a deliberate act that created a danger that had not existed, or was otherwise abated, prior to the deliberate act.

59. Defendants Simms knew, or should have known, that by improperly entering or blocking roadways or right-of-ways without regard for oncoming traffic on a public roadway, he was placing Talal's life in imminent peril.

60. Officer Simms knew, or should have known, that by improperly entering or blocking the roadway or right-of-way for oncoming traffic on Ellsworth Road, without regard to oncoming traffic, he created and/or posed a specific danger to Talal.

61. Defendants Simms' decision to improperly enter or block the roadway or right-of-way for oncoming traffic on Ellsworth Road was the proximate and legal cause of Talal's injury.

62. On August 1, 2024, any reasonable police officer knew, or should have known, that improperly entering or blocking roadways or right-of-ways without regard for oncoming traffic on a public roadway would violate the Constitutional rights of a driver on that roadway by creating a danger that previously did not exist or had been abated.

63. In fact, any reasonable person – regardless of whether they possess any law enforcement training – knows, or should have known, that improperly entering or blocking roadways or right-of-ways without regard for oncoming traffic on a public roadway creates a significant risk of death or serious bodily injury to all drivers of motorcycles on that roadway.

64. The risks and dangers of improperly entering or blocking roadways or right-of-ways without regard for oncoming traffic on a public roadway are a major focus of basic law enforcement training for all current and aspiring police officers.

65. Any reasonable officers would take proper measures to enter or block roadways or right-of-ways for oncoming traffic so as not to create a specific danger to another person or violate their constitutional rights.

## COUNT I

### VIOLATION OF CIVIL RIGHTS – FOURTEENTH AMENDMENT AGAINST DEFENDANT OFFICER SIMMS

66. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

67. At all relevant times, Defendant Officer Simms was operating under the color of law, being the authority vested in them by the State of Michigan and Defendants Washtenaw County and WCSO to act as a police officer.

68. Defendant Officer Simms is a state actor subject to the requirements of the Due Process Clause of the United States' Constitution.

69. The actions of Defendant Officer Simms created a danger that had previously not existed or had been abated, thereby depriving Plaintiff Talal of his due process rights to life and liberty under the Fourteenth Amendment of the United States Constitution, as well as Article 1, § 17 of the Michigan Constitution.

70. Defendant Officer Simms greatly increased the risk of harm to Plaintiff Talal through his own affirmative acts, including, but not limited to, removing the application of the brakes on their vehicle and/or accelerating onto Ellsworth Road without yielding to oncoming traffic and improperly blocking the roadway of a public roadway.

71. Defendant Officer Simms' affirmative acts increased the risk that Plaintiff Talal would be exposed to an act of violence.

72. Defendant Officer Simms' affirmative acts created a special danger and a duty to protect Plaintiff Talal from that risk under the due process clause of the Fourteenth Amendment.

73. Defendant Officer Simms' affirmative acts placed Plaintiff Talal specifically at risk, as distinguished from a risk that affects the public at large, because accelerated onto Ellsworth Road without yielding to the right of way for oncoming traffic, in addition to blocking Talal, only, by accelerating on the roadway suddenly and in his path, thus causing the crash.

74. Defendant Officer Simms knew, or reasonably should have known, that his deliberate actions specifically endangered Talal.

75. Defendant Officer Simms specifically put Talal in a more vulnerable position than the general public by accelerating onto Ellsworth Road in reckless

disregard of oncoming traffic, blocking only his path, or right-of-way, and suddenly, thus causing the crash.

76. Talal was undisputedly safer before Defendant Officer Simms' actions than he was after them.

77. Defendant Officer Simms' deliberate indifference to Talal's safety is sufficient to render him liable for a violation of Talal's substantive due process right.

78. Defendant Officer Simms' deliberate acts described above were constitutionally arbitrary acts that rise to the level of shocking the conscience.

79. Defendant Officer Simms' deliberate acts described above make him the direct and proximate cause of Talal's injuries.

**WHEREFORE**, Plaintiff, Talal Waseem, through his co-Guardians, respectfully requests that this Honorable Court enter a judgment in its favor and against Defendant for compensatory damages, including but not limited to, economic and noneconomic damages, plus interest, costs, and attorney fees as provided for under the Act, and grant such further and additional relief as this Court deems just and equitable.

## COUNT II

## GROSS NEGLIGENCE
## MCL § 691.1407
## AS TO DEFENDANT SIMMS

80. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

81. On August 1, 2024, on or near Ellsworth Road in Ypsilanti, Michigan, Defendant Simms owed Plaintiff Talal a duty to not act in a grossly negligent manner, to act prudently and with reasonable care, to refrain from endangering their fellow law enforcement officer, and to refrain from conduct so reckless as to demonstrate a lack of concern for whether an injury could result.

82. Defendant Simms breached his duties of care and created a danger to citizens, including Plaintiff Talal, when he accelerated onto Ellsworth Road without yielding to the right-of-way of oncoming traffic, in addition to blocking the road, directly in the path of Talal, causing a major crash and Talal's serious injuries.

83. The acts and omissions of Defendant Simms, as set forth in this Complaint, as well as those acts and omissions that may be revealed during discovery, constitute conduct so reckless as to demonstrate a total lack of concern for whether an injury could result.

84. The acts and omissions of Defendant Simms constitute gross negligence as set forth in MCL § 691.1407(2)(c) and MCL § 691.1407(8)(a) and those acts or omissions also constituted wanton, willful, and intentional conduct.

85. Plaintiff Talal was not comparatively or contributorily negligent.

**WHEREFORE**, Plaintiff, Talal Waseem, through his co-guardians, respectfully requests that this Honorable Court enter a judgment in its favor and against Defendants for compensatory damages, including but not limited to, economic and noneconomic damages, plus interest, costs, and attorney fees as provided for under the Act, and grant such further and additional relief as this Court deems just and equitable.

## COUNT III

**MOTOR VEHICLE OWNERSHIP LIABILITY
MCL § 691.1405
AS TO ALL DEFENDANTS**

86. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

87. MCL § 691.1405 states that governmental agencies shall be liable for bodily injury resulting from the negligent operation by any officer, agent or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined by MCL § 257.1, et seq. (Michigan's Motor Vehicle Ownership Liability Statute).

88. Under MCL § 257.37, "owner" means any of the following: (a) any person, firm, association, or corporation having the exclusive use thereof for a period that is greater than 30 days; and (b) a person who holds the legal title of a vehicle.

15

89. Defendants, Washtenaw County and WCSO, are governmental agencies of the state of Michigan and Defendants are both an "owner" as defined by MCL § 257.37 as they have the exclusive use thereof of the patrol vehicle driven by Officer Simms in the instant auto accident and hold the legal title of same.

90. Further, pursuant to MCL 257.401, "[t]he owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a statute of this state or the ordinary care standard required by common law."

91. Defendants, at all relevant times to this lawsuit, owned the patrol vehicle driven by Officer Simms in the aforementioned accident and are therefore liable for the accident, and Plaintiff's ensuing injuries and damages, that were caused by Officer Simms' negligence.

92. As a driver on Michigan's public roads, Officer Simms owed certain duties to other road users to drive in a safe manner so as to not cause an accident.

93. Officer Simms breached his duties to Plaintiff in at least one or more of the following ways, so far as it is presently known:

    a. Failed to yield the right-of-way. MCLA § 257.649, et seq.;

    b. Operated said vehicle without having it under constant control;

    c. Failed to make proper observations and failed to observe the presence of other users of the road and/or failed to take timely or proper action based on such observation as was made in order to avoid a collision, including failing to travel in the proper and posted direction of the road;

16

    d. Operated said vehicle in a careless and heedless manner, without due regard for the rights and safety of others, particularly the Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property in violation of MCLA § 257.626, et seq.;

    e. Operated said vehicle in a careless and imprudent manner so as to cause a collision. MCLA § 257.402, et seq.;

    f. Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, without due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it to be brought to a stop within the assured clear distance ahead, and failed to bring the vehicle to a stop within the assured clear distance ahead, in violation of MCLA § 257.627, et seq.;

    g. Operated said vehicle in reckless disregard for other users on the road, including, among others, failure to maintain proper lookout for other users on the road, and failure to yield, in violation of MCLA § 257.611, et seq.;

    h. Failed to warn by sounding a horn or otherwise. MCLA § 257.706; and

    i. Others to be discovered through the course of litigation.

94. The negligent acts of Defendants, as outlined above, are an actual and proximate cause of Plaintiff's severe and permanent injuries, as hereinafter alleged.

**WHEREFORE**, Plaintiff, Talal Waseem, through his co-guardians, respectfully requests that this Honorable Court enter a judgment in its favor and against Defendants for compensatory damages, including but not limited to, economic and noneconomic damages, plus interest, costs, and attorney fees as

provided for under the Act, and grant such further and additional relief as this Court deems just and equitable.

Respectfully submitted,

**AKEEL & VALENTINE, PLC**

<u>SHEREEF H. AKEEL</u>
By: Shereef H. Akeel (P54345)
    Hasan Kaakarli (P81099)
    Samuel R. Simkins (P81210)
    Attorneys for Plaintiff
    888 West Big Beaver Road, Suite 350
    Troy, MI 48084
    (248) 269-9595

Dated: September 13, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALAL WASEEM, personally and through
His co-Guardians and co-Conservators,
WASEEM AHMED and MISBAH IMTIAZ,

    Plaintiff,

vs.

WASHTENAW COUNTY, WASHTENAW
COUNTY SHERIFF'S OFFICE, and
OFFICER TRENT ANTHONY SIMMS, in
his individual and official capacities,

    Defendants.

Case No.   24-12419

Hon.

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Samuel R. Simkins (P81210)
Attorneys for Plaintiff
888 W. Big Beaver, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
sam@akeelvalentine.com

# JURY DEMAND

**NOW COME** WASEEM AHMED and MISBAH IMTIAZ, as co-Guardians and co-Conservators, for Plaintiff, TALAL WASEEM, by and through his undersigned counsel, AKEEL & VALENTINE, PLC, and for his Complaint against

19

Defendants, and hereby demands a Trial by Jury of the above-referenced causes of action.

                              Respectfully submitted,

                              **AKEEL & VALENTINE, PLC**

                              <u>SHEREEF H. AKEEL</u>
                         By: Shereef H. Akeel (P54345)
                             Hasan Kaakarli (P81099)
                             Samuel R. Simkins (P81210)
                             Attorneys for Plaintiff
                             888 West Big Beaver Road, Suite 350
                             Troy, MI 48084
                             (248) 269-9595

Dated:  September 13, 2024